IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAULO MAILO JR., | ) | CIV. NO.  11-00566 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING PLAINTIFF'S |
| | ) | SECOND MOTION TO PROCEED *IN* |
| vs. | ) | *FORMA PAUPERIS*; AND |
| | ) | (2) DISMISSING AMENDED |
| ADAM CRAIL; et al., | ) | COMPLAINT WITH LEAVE TO |
| | ) | AMEND |
| Defendants. | ) | |
| _____ | ) | |

**ORDER (1) DENYING PLAINTIFF'S SECOND MOTION TO PROCEED
*IN FORMA PAUPERIS*; AND (2) DISMISSING AMENDED COMPLAINT
WITH LEAVE TO AMEND**

**I.  INTRODUCTION**

On September 19, 2011, Plaintiff Paulo Mailo Jr. ("Plaintiff"),

proceeding pro se, filed a: (1) Complaint against Defendants "Adam Crail, Shirley

Pico, MPO Clark V. Kekauoha, Officer Joseph H. Lefcourt, Officer Dbega, Officer

Nmurakami, and the Office of the Public Defender" (collectively, "Defendants")

for wrongfully charging him with assault in the third degree and causing him to

lose his job; and (2) Motion to Proceed In Forma Pauperis ("Motion for IFP").  On

September 23, 2011, the court denied Plaintiff's Motion for IFP and dismissed the

Complaint with leave to amend.  *See* Doc. No. 4.

On November 28, 2011, Plaintiff filed a Second Motion for IFP and

an Amended Complaint. Pursuant to Local Rule 7.2(d), the court finds this matter

suitable for disposition without a hearing, and based on the following, the court

DENIES Plaintiff's Second Motion for IFP and DISMISSES the Amended

Complaint with leave to amend.

## II. ANALYSIS

### A. Motion for IFP

As the court has already explained once to Plaintiff in its September

23, 2011 Order, federal courts can authorize the commencement of any suit

without prepayment of fees or security, by a person who submits an affidavit that

includes a statement of all assets the person possesses, demonstrating he is unable

to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "[A]n

affidavit is sufficient which states that one cannot because of [ ] poverty pay or

give security for the costs and still be able to provide himself and dependents with

the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S.

331, 339 (1948) (internal quotations omitted); *see also United States v. McQuade*,

647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as

to affiant's poverty with some particularity, definiteness and certainty" (internal

quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The September 23, 2011 Order denied Plaintiff's Motion for IFP because Plaintiff failed to include an affidavit stating all assets he possesses as required by 28 U.S.C. § 1915(a). The September 23, 2011 Order explained that without such affidavit and explanation of his assets, the court cannot determine whether Plaintiff is unable to pay the costs of his suit. The September 23, 2011 Order further directed the Clerk's Office to provide Plaintiff form AO 240, the Application to Proceed Without Prepayment of Fees & Affidavit (Rev. 06/09), and instructed Plaintiff that he should use this form in seeking *in forma pauperis* status.

In bringing his Second Motion for IFP, Plaintiff did not use the form provided by the Clerk's Office and he has still failed to correct the deficiencies in his first Motion for IFP. Although Plaintiff now submits an affidavit asserting that

he "cannot afford the costs of this proceeding because I am poor and I do not have a job, and I do not own stocks and bonds," *see* Doc. No. 7 at p. 23 of 32, such generalized assertion fails to "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *See McQuade*, 647 F.2d at 940. Specifically, this affidavit fails to include a statement of all assets that Plaintiff possesses as required by 28 U.S.C. § 1915(a)(1), and fails to indicate whether Plaintiff is receiving monies from any sources other than through income. The court therefore DENIES Plaintiff's Second Motion for IFP.

The court will instruct the Clerk's Office to provide Plaintiff the relevant form one more time. Given that Plaintiff has been unable on his own to provide all the necessary information, the court further ORDERS that should Plaintiff seek to proceed IFP, he must use the form provided by the Clerk's Office. Failure to fill out the form in seeking IFP status will be grounds for the court to deny a subsequent Motion for IFP with prejudice.

**B. The Amended Complaint Is Dismissed with Leave to Amend**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28

U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

(en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the

court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding

that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The court may dismiss a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir.

2008). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. at 1949

(citing *Twombly*, 550 U.S. at 556).

A complaint must also meet the requirements of Federal Rule of Civil

Procedure 8, which mandates that a complaint include a "short and plain statement

of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple,

concise, and direct." Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by this Rule. *Iqbal*, 129 S. Ct. at 1950. Further, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). Even liberally construed, however, the court cannot discern the basis of Plaintiff's claims against each Defendant such that the Amended Complaint must be dismissed for failure to comply with Rules 8 and 12(b)(6).

Indeed, the Amended Complaint suffers from many of the same

deficiencies that the court already outlined to Plaintiff in the September 23, 2011

Order. For example, Count I asserts that Defendants "committed perjury before

the Honolulu Police Department to wrongfully charge the Plaintiff-Petitioner with

'assault in the third degree'; to cause a false arrest, and made the Plaintiff-

Petitioner lose his job, and his home . . . ." Doc. No. 7, Am. Compl. ¶ 13. Reading

this allegation in context with the rest of the Amended Complaint, it appears that

Plaintiff means to assert some sort of tort claim against Defendants Adam Crail and

Shirley Pico, who both allegedly "wrongfully gave a false statement to the

Honolulu Police Department." *Id.* ¶¶ 5-6. But the Amended Complaint leaves

wholly unanswered the circumstances surrounding this event including when and

where it occurred, what statements Defendants Crail and Pico made to the police,

why those statements were false, and how those false statements caused Plaintiff to

be wrongfully charged with a criminal offense and caused him to lose his job and

home. Without such facts, Plaintiff has failed to state a claim that is plausible on

its face.[1]

---

[1] As the September 23, 2011 Order explained, Plaintiff cannot rely on exhibits to provide
necessary facts to his pleading and must plead all relevant facts in the pleading itself.

Count II asserts that "Defendant-Respondents the police officers had a duty to know or should have known when people are giving false information about an alleged criminal charge against another person and therefore help [sic] Plaintiff-Petitioner to lose his job and lose his home." *Id*. ¶ 14. As an initial matter, the Amended Complaint names four different police officers as Defendants (including Defendants Kekauoha, Lefcourt, DBega, and NMurakami), yet fails to include any facts whatsoever regarding how each police officer allegedly contributed to the events that form the basis of this claim. On this basis alone, the Amended Complaint fails to state a plausible claim against any police officer.

Further, it appears that Plaintiff may be attempting to assert a claim for false arrest, which can be the basis for compensatory relief under 42 U.S.C. § 1983 as a Fourth Amendment violation. To state such a claim, Plaintiff must allege facts to support a lack of probable cause for his arrest (the court assumes Plaintiff was arrested). *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). In general, "officers may not solely

rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Peng v. Hu*, 335 F.3d 970, 978 (9th Cir. 2003) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001)).  With that said, "[a] sufficient basis of knowledge is [nonetheless] established if the victim provides 'facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator.'" *Id.* (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir. 1991)).  And Plaintiff should also be aware that "the presence of a factual dispute regarding a victim's complaint at the scene of an alleged domestic disturbance does not defeat probable cause if: 1) the victim's statements are sufficiently definite to establish that a crime has been committed; and 2) the victim's complaint is corroborated by either the surrounding circumstances or other witnesses." *Id.* at 979.

With these principles in mind, the allegations of the Amended Complaint are too vague and conclusory to state a valid claim of false arrest against the Defendant police officers.  The Amended Complaint fails to explain when this event occurred, the circumstances of how and why Plaintiff was charged with a criminal offense, why the charge was incorrect, the content of Defendants Crail's and Pico's statements to police officers, and why the police officers should

have known that they were given false statements by Defendants Crail and Pico.

Further, given that the Amended Complaint appears to allege that the Defendant

police officers received statements by two different witnesses, it is unclear how

Plaintiff believes that the Defendant police officers lacked probable cause that

Plaintiff had committed assault in the third degree.

Finally, Count III asserts that the Office of the Public Defender

"kn[ew] or should have known that there was a conflict of interest to represent

Plaintiff-Petitioner when that Office had already represented Defendant-

Respondent Adam [] Crail, which fails under malpractice." *Id.* ¶ 15. It appears

that Plaintiff is attempting assert a state-law legal malpractice claim against the

Office of the Public Defender,[2] but again, the facts are insufficient to state a claim

that is plausible on its face. Specifically, a claim for legal malpractice requires a

plaintiff to prove four elements: (1) the existence of an attorney-client relationship;

(2) the existence of a duty on the part of a lawyer; (3) breach of that duty; and (4)

damages flowing from the breach. *See Boskoff v. Yano*, 57 F. Supp. 2d 994, 998

(D. Haw. 1998). Plaintiff has not pled any facts explaining the circumstances

under which the Office of the Public Defender represented him, much less how the

---

[2] The September 23, 2011 Order explained that Plaintiff cannot assert a claim against the Office of the Public Defender based on 42 U.S.C. § 1983 because it is not a state actor and therefore not a proper party to a § 1983 action. *See Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

Office of the Public Defender's failure to realize there was a conflict of interest in representing Plaintiff caused Plaintiff damages. Without any basic facts explaining when and how the legal relationship began and ended, and how Plaintiff was damaged, the Amended Complaint fails to state a claim that is plausible on its face.

For these reasons, the court DISMISSES the Amended Complaint with leave to amend. Although the court has already dismissed the Complaint once and provided Plaintiff specific direction regarding how to state a cognizable claim, the court at this stage cannot find that a further amendment would be futile. "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, this dismissal of Plaintiff's Amended Complaint is with leave to amend. Plaintiff may file a Second Amended Complaint that (1) complies with Rule 8's requirement of "simple, concise, and direct" allegations, and (2) contains a basis for federal subject matter jurisdiction.

If Plaintiff chooses to file a Second Amended Complaint:

(1)    He must clearly state how each Defendant has injured him.  In

other words, Plaintiff should explain, in clear and concise

allegations, what each Defendant did and how those specific

facts create a plausible claim for relief.

(2)    Plaintiff must clearly state the relief sought and how there is a

basis for a claim in federal court.  In other words, Plaintiff must

explain the basis of this court's jurisdiction.

(3)    Plaintiff must include all relevant facts that support his claim(s)

in the Second Amended Complaint, and may not rely on

exhibits to provide these facts.

Plaintiff is further notified that a Second Amended Complaint

supersedes all previously-filed complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th

Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th

Cir. 1990).  After amendment, the court will treat the Complaint and Amended

Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was

raised in the original Complaint or Amended Complaint is waived if it is not raised

in the Second Amended Complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

1987).  Thus, if Plaintiff chooses to file a Second Amended Complaint, he must

include both a federal claim as well as any state law claims that he asserts against

Defendants.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the court DENIES Plaintiff's Second

Motion for IFP, and DISMISSES the Amended Complaint with leave to amend.  If

Plaintiff chooses to file a Second Amended Complaint, he must either submit the

required $350 filing fee or file a Motion to Proceed In Forma Pauperis.

The court further DIRECTS the Clerk's Office to provide Plaintiff

form AO 240, the Application to Proceed Without Prepayment of Fees & Affidavit

(Rev. 06/09), which Plaintiff *must* use should he seek *in forma pauperis* status.

Failure to use the form provided by the Clerk's Office, should Plaintiff seek *in*

*forma pauperis* status, shall constitute a basis to summarily deny the Motion for

IFP and dismiss this action.

///

///

///

///

///

///

Plaintiff is granted until January 4, 2011 to file a Second Amended

Complaint. Otherwise, this action will be automatically dismissed without

prejudice and the matter will be closed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 13, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Mailo v. Crail et al.*, Civ. No. 11-00566 JMS/BMK; Order (1) Denying Plaintiff's Second
Motion to Proceed in Forma Pauperis; and (2) Dismissing Amended Complaint with Leave to
Amend