IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAULO MAILO JR., | ) | CIV. NO. 11-00566 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING PLAINTIFF'S |
| | ) | THIRD MOTION TO PROCEED *IN* |
| vs. | ) | *FORMA PAUPERIS*; AND |
| | ) | (2) DISMISSING SECOND AMENDED |
| ADAM CRAIL; et al., | ) | COMPLAINT WITHOUT LEAVE TO |
| | ) | AMEND |
| Defendants. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING PLAINTIFF'S THIRD MOTION TO PROCEED
*IN FORMA PAUPERIS*; AND (2) DISMISSING SECOND AMENDED
COMPLAINT WITHOUT LEAVE TO AMEND**

**I. INTRODUCTION**

On September 19, 2011, Plaintiff Paulo Mailo Jr. ("Plaintiff"), proceeding pro se, filed a: (1) Complaint against Defendants "Adam Crail, Shirley Pico, MPO Clark V. Kekauoha, Officer Joseph H. Lefcourt, Officer Dbega, Officer Nmurakami, and the Office of the Public Defender" (collectively, "Defendants") for wrongfully charging him with assault in the third degree and causing him to lose his job; and (2) Motion to Proceed In Forma Pauperis ("Motion for IFP"). On September 23, 2011, the court denied Plaintiff's Motion for IFP and dismissed the Complaint with leave to amend. *See* Doc. No. 4. The September 23, 2011 Order explained that the allegations of the Complaint were so conclusory that the court

could not discern the basis of his claims. The September 23, 2011 Order further explained that Plaintiff must include factual allegations describing how each Defendant has injured him and how those specific facts create a plausible claim for relief.

On November 28, 2011, Plaintiff filed a Second Motion for IFP and an Amended Complaint, and on December 13, 2011, the court denied the Second Motion for IFP and dismissed the Amended Complaint with leave to amend. The November 28, 2011 Order again explained that the allegations of the Amended Complaint were conclusory and that Plaintiff must allege factual allegations describing the basis of his claims.

On January 5, 2012, Plaintiff filed his Second Amended Complaint ("SAC") and a Third Motion for IFP. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. Based on the following, the court GRANTS Plaintiff's Third Motion for IFP and DISMISSES the SAC. Because the SAC suffers from the same deficiencies as Plaintiff's previous pleadings, this dismissal is without leave to amend.

///
///
///

## II. ANALYSIS

**A.     Motion for IFP**

As the court has already explained, federal courts can authorize the commencement of any suit without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of [ ] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotations omitted); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must

nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Plaintiff's Third Motion for IFP indicates that he is not currently employed, is not receiving money from any other sources, owns a 2002 Nissan Quest, and has debts in the approximate amount of $5,900. Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's Third Motion for IFP.

**B.     The SAC Is Dismissed Without Leave to Amend**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by this Rule. *Iqbal*, 129 S. Ct. at 1950. Further, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police*

*Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). Even liberally construed, however, the court cannot discern the basis of Plaintiff's claims against each Defendant such that the SAC must be dismissed for failure to comply with Rules 8 and 12(b)(6).

The factual allegations of the SAC, in whole, are as follows:

> Plaitiff [sic] contends that Defendants conspire to be in harmonny [sic] to get rid of Plaintiff, for Plaintiff reporting on landlord violations of human rights.
> To join in a secret agreement to do an unlaw [sic] or wrongful act or an act which becomes an unlaw [sic] as a result of the secret agreement to wrongfully charge Plaintiff with assault in the third degree, for Plaintiff to lose his home, and his job.
> (1.) Plaintiff and Defendants are in the original the Amended Complaint; as well as the summons.

> (2.) Hawaii Revised Statutes 708-855 criminal simulation
> (3) criminal simulation is a misdemeanor. [L 1972, c 9, pt of 1; gen ch 1993]
> (3.) Defendants was the ones who conspired together to give the Honolulu police department officers false information to get Plaintiff arressted [sic], which Plaintiff lost his job, and his home.
> (4.) Defendants was given a secret agreement to keep silent about an occurrence, situation, or subject esp. in order to promote or protect selfish interests.
> (5.) These acts caused Plaintiff to lose his job, and his home.

Doc. No. 12.

From these allegations, the court gleans that at some point in time, Plaintiff reported his landlord for human rights violations, and Defendants somehow conspired to have Plaintiff wrongfully arrested for assault in the third degree. But missing from the SAC are any *factual allegations* explaining when these events took place, the circumstances of these events, and how each Defendant participated in them. Indeed, compared to Plaintiff's previous pleadings, the SAC is even further removed from stating a claim that is plausible on its face -- the previous pleadings had at least separated out Defendants by claim, yet the SAC lumps all of the Defendants together such that the court cannot discern how each Defendant participated in these events and what Plaintiff's claims are against each individual. The court therefore finds that the SAC fails to state a claim that is plausible on its face.

7

In finding that the SAC fails to state a claim upon which relief can be granted, the court recognizes that Plaintiff submitted an Affidavit with the SAC asserting that "I refer to the Original and Amended Complaint in my [SAC]." Plaintiff's Affidavit does not save the SAC. As an initial matter, the court has already instructed Plaintiff that "a Second Amended Complaint supersedes all previously-filed complaints," and "[a]fter amendment, the court will treat the Complaint and Amended Complaint as nonexistent." Doc. No. 9 at 12. Thus, Plaintiff cannot rely on his previous pleadings to fill any missing allegations in his SAC. Further, even if the court considered *all* of Plaintiff's pleadings together, Plaintiff still has failed to state a claim upon which relief can be granted. As the court explained in its September 23, 2011 and December 13, 2011 Orders, the allegations of Complaint and Amended Complaint were wholly conclusory such that the court could not discern the basis of Plaintiff's claims. Combining these pleadings offers no clarity that would state a plausible claim.

The court therefore DISMISSES Plaintiff's SAC. Plaintiff has now submitted three complaints to this court, none of which comes anywhere close to stating a claim upon which relief can be granted. In fact, Plaintiff's SAC is even more conclusory than his previous pleadings and despite the court's instructions in both the September 23, 2011 and December 13, 2011 Orders that Plaintiff must

"clearly state how each Defendant has injured him [by explaining], in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief."  Doc. Nos. 4, at 8; 9 at 12.  Given the history of this action -- including that the SAC is even further afield from stating a claim than the Complaint and Amended Complaint -- the court finds that granting Plaintiff leave to file a third amended complaint would be futile.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez*, 203 F.3d at 1126 ("Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

## III.  CONCLUSION

Based on the above, the court DISMISSES the SAC without leave to amend.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 10, 2012.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Mailo v. Crail et al.*, Civ. No. 11-00566 JMS/BMK; Order (1) Granting Plaintiff's Third Motion to Proceed *in Forma Pauperis*; and (2) Dismissing the Second Amended Complaint Without Leave to Amend

9